**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JUDY BURDEN, an individual,** | 1:15-cv-00314 LJO SKO |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE: DEFENDANT CHASE BANK'S MOTION TO DISMISS (Doc. 9)** |
| **v.** | |
| **CALIFORNIA RECONVEANCE COMPANY, *et al*.,** | |
| **Defendants.** | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

1

1   visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a

2   U.S. District Judge from outside the Eastern District of California.

3   ## II. INTRODUCTION

4   Plaintiff Judy Burden alleges that Defendants have unlawfully sold her mortgage interest in real

5   property located in Fresno, California.

6   ## III. PROCEDURAL HISTORY

7   Plaintiff filed a cause of action against Defendants in state court on December 29, 2014.

8   Complaint, Notice of Removal Ex. A, Doc. 1. Plaintiff brings causes of action under the Truth in

9   Lending Act (TILA), the Real Estate Settlement Procedure Act (RESPA), Fair Debt Collections Practice

10  Act (FDCPA), California Civil Code § 2923, as well as claims based on theories of fraud, intentional

11  infliction of emotional distress (IIED), and slander.

12  Defendant JP Morgan Chase Bank (Chase) removed the case to this Court on February 26, 2015,

13  as a successor by merger to Defendants Chase Home Finance and California Reconveyance Company

14  (CRC). *Id.* On March 4, 2015, Chase moved to dismiss the entire Complaint. Mem. of P. &A. in Support

15  of Mot. to Dismiss Compl. (MTD), Doc. 9. On March 11, 2015, Defendant ALAW joined Chase's

16  arguments as to claims that applied to it. Doc. 13. Plaintiff did not file any opposition to these motions.

17  ## IV. FACTUAL BACKGROUND

18  Plaintiff Judy Burden obtained a $275,750 mortgage from New Century Mortgage Corporation

19  (New Century) on January 18, 2006. Compl. ¶ 15. The mortgage was secured by a deed of trust for the

20  real property located at 2926 E. Willis Avenue in Fresno, California (The Property). *Id.*

21  Plaintiff alleges that Defendant Chase Home Finance somehow came into possession of this note

22  and assigned it to US Bank National Association on July 26, 2010. *Id.* at ¶¶ 16, 20. Plaintiff also alleges

23  that CRC, along with Defendants ALAW, Chase and US Bank National Association attempted to collect

24  on the Note, though they did not have perfected securities interests in it. *Id.*  at ¶ 17.

25  On February 6, 2013, CRC recorded a notice of default against the property. *Id.* at ¶ 21. On

1   January 14, 2014, CRC substituted Defendant ALAW as trustee of the Note. *Id.* at ¶ 24. On July 18,

2   2014, ALAW noticed the sale of the Property. *Id.* at ¶ 25.

3   **V. <u>STANDARD OF DECISION</u>**

4       A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the

5   allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a

6   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

7   *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss

8   for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes

9   the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the

10  pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

11      To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim

12  to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

13  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

14  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

15  662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

16  more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at

17  556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

18  short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*,

19  550 U.S. at 557).

20      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

21  allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

22  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

23  *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing

24  more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556

25  U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting

3

1    all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550

2    U.S. at 562. In other words, the Complaint must describe the alleged misconduct in enough detail to lay

3    the foundation for an identified legal claim.

4           To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff

5    should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection*

6    *Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

7    **VI. <u>ANALYSIS</u>**

8    **A.**    **<u>Plaintiff's TILA Claim</u>**

9           Plaintiff alleges that Defendants are liable for TILA violations. Compl. ¶ 14. Defendant argues

10   that any claims Plaintiff may have under TILA are time-barred. MTD at 5. Under TILA, actions must be

11   brought "within one year from the date of the occurrence of the violation." 15 U.S.C.A. § 1640(e). The

12   limitations periods began to run when Plaintiff executed her loan documents, because she could have

13   discovered any alleged disclosure violation at that time. *Cervantes v. Countrywide Home Loans, Inc.*,

14   656 F.3d 1034, 1045 (9th Cir. 2011). Here, Plaintiff alleges that her loan was obtained on January 18,

15   2006. Compl. ¶ 15. Thus, the limitations period expired several years before Plaintiff filed the

16   Complaint in 2014. For this reason, the Court GRANTS Defendant's motion to dismiss Plaintiff's TILA

17   claims.

18   **B.**    **<u>Plaintiff's RESPA Claims</u>**

19          Plaintiff alleges that "Defendants conduct in trying to collect debt from Plaintiff which they have

20   no legal right to collect . . . violates [RESPA]." Compl. ¶ 17. Defendant argues that Plaintiff fails to state

21   a claim under RESPA because she does not identify which provision of RESPA was violated and fails to

22   set forth facts that could support a violation under any RESPA provision with a private right of action.

23   MTD at 7. In the alternative, Defendant claims that Plaintiff's RESPA claim is time barred. *Id.*

24          This Court agrees that Plaintiff's RESPA claim is vague and fails to give fair notice as to the

25   basis of her legal argument. Further, RESPA claims are subject to one or three year statutes of

1   limitation, depending on which section is invoked. 12 U.S.C. § 2614. "The 'primary ill' which RESPA

2   seeks to remedy is the potential for unnecessarily high settlement charges' caused by kickbacks, fee-

3   splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at

4   all, when the plaintiff pays for the service, typically at the closing." *Heflebower v. U.S. Bank Nat. Ass'n*,

5   No. CV F 13-1121 LJO MJS, 2013 WL 3864214, at *15 (E.D. Cal. July 23, 2013), appeal dismissed

6   (Dec. 10, 2013), reconsideration denied sub nom. *Heflebower v. U.S. Bank Nat. Ass'n*, No. CV F 13-

7   1121 LJO MJS, 2013 WL 4647963 (E.D. Cal. Aug. 29, 2013). Here, Plaintiff alleges that her loan was

8   obtained on January 18, 2006. Compl. ¶ 15. Thus, the limitations period expired several years before

9   Plaintiff filed the Complaint in 2014.

10   To the extent that Plaintiff seeks to enforce a disclosure-based violation, such a claim is subject

11   to dismissal because there is not private right of action. *Heflebower*, 2013 WL 3864214, at *15.

12   RESPA's purpose is to "curb abusive settlement practices in the real estate industry. Such amorphous

13   goals, however, do not translate into a legislative intent to create a private right of action." *Id. (quoting*

14   *Bloom v. Martin*, 865 F.Supp. 1377, 1385 (N.D. Cal.1994), aff'd, 77 F.3d 318 (1996). "The structure of

15   RESPA's various statutory provisions indicates that Congress did not intend to create a private right of

16   action for disclosure violations under 12 U.S.C. § 2603 ... Congress did not intend to provide a private

17   remedy ..." *Id.* The absence of a private right of action dooms a purported RESPA claim based on

18   disclosure violations.

19   For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's RESPA claims.

20   **C.**   **Plaintiff's FDCPA Claims**

21   Plaintiff alleges that Defendants are liable for FDCPA violations. Compl. ¶¶ 17, 55. Defendant

22   argues that Plaintiff's FDCPA claims fails because she does not identify which FDCPA provisions were

23   violated and because none of the Defendants are "debt collectors" as that term is used in the FDCPA.

24   MTD at 8.

25   The FDCPA defines a debt collector as (1) "any person who uses any instrumentality of

1    interstate commerce or the mails in any business the principal purpose of which is the collection of any

2    debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts

3    owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector"

4    does not include a person who collects or attempts to collect a debt "to the extent such activity ...

5    concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. §

6    1692a(6)(F). Creditors and mortgage services, such as Defendants, are typically not liable under the

7    FDCPA *so long as the debt is not in default at the time of servicing. Bridge v. Ocwen Fed. Bank, FSB*,

8    681 F.3d 355, 359 (6th Cir. 2012) ("For an entity that did not originate the debt in question but acquired

9    it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default

10   status of the debt at the time it was acquired."); see also *Pineda v. Saxon Mortgage Servs., Inc.*, No.

11   SACV08-1187 JVSANX, 2008 WL 5187813, at *3 (C.D. Cal. Dec. 10, 2008); *Ines v. Countrywide*

12   *Home Loans, Inc.*, 2008 WL 2795875, at *3 (S.D.Cal. Jul.18, 2008); *Tina v. Countrywide Home Loans,*

13   *Inc.*, 2008 WL 4790906 at *7 (S.D.Cal. Oct.30, 2008).

14        Plaintiff alleges that CRC "claims to be a debt collector" who recorded a notice of default against

15   her in February of 2013. Compl. ¶¶ 5, 21. In this notice, CRC states that it is "a debt collector attempting

16   to collect a debt." Request for Judicial Notice, Ex. 6, Doc. 9-2 at 11.[1] Thus, Defendant's argument that

17   Plaintiff failed to plausibly allege that CRC acted as a debt collector is unpersuasive.

18        Plaintiff's claim fails, however, because she fails to assert that Defendants committed acts

19   prohibited by the FDCPA. The FDCPA provides that a "debt collector may not use any false, deceptive,

20   or misleading representation or means in connection with the collection of any debt," and that a "debt

21   collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15

22   U.S.C. §§ 1692e, 1692f.

23

24   [1] Defendant requests the Court take judicial notice of loan and foreclosure documents on the ground that the documents are public records. Req. for Judicial Notice, No. 9-1. The Court grants Defendants' request. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986) ("On motion to dismiss, [the court] may take judicial notice of matters of public record outside the pleadings."); *see also Campos v. Bank of Am., Inc.*, No. C 11-0431SBA, 2012 WL 2862603, at *1 (N.D. Cal. July 11, 2012) (taking judicial notice of loan and foreclosure documents).

25

1  Plaintiff alleges that "Defendants conduct in trying to collect debt from Plaintiff which they have

2  no legal right to collect violates the [FDCPA]." Compl. ¶ 17. If this conclusory allegation was supported

3  by factual assertion, it would violate 15 U.S.C. § 1692e(10) (prohibiting "[t]he use of any false

4  representation or deceptive means to collect or attempt to collect any debt or to obtain information

5  concerning a consumer." However, the facts alleged by the complaint and documented in the judicially

6  noticeable record do not suggest a basis for concluding that Defendants attempted to collect debts which

7  were not transferred to them. Plaintiff's sole basis for challenging Defendants' interests in the Property

8  is that they "failed to perfect a security interest in Plaintiff's note" in that they "cannot show proper

9  receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original

10 Promissory Note and Deed of Trust . . ." Compl. ¶¶ 17, 27. However, as Defendant points out,

11 California law does not require to physically hold a copy of a promissory note. MTD at 10-11; *see Siliga*

12 *v. Mortgage Elec. Registration Sys.*, Inc., 219 Cal. App. 4th 75, 85 n. 5 (2013) ("[T]here is no legal basis

13 for the claim that the foreclosing party must possess the original note. Nothing in the foreclosure statutes

14 imposes such a requirement."); *see also Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497,

15 513 (2013), as modified (June 12, 2013*); Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal. App. 4th

16 433, 440, (2012). This Court holds that an allegation that the trustee did not have the original note or had

17 not received it is insufficient to render the foreclosure proceeding invalid under California law. *See, e.g.*

18 *Geren v. Deutsche Bank Nat.*, No. CV F 11-0938 LJO GSA, 2011 WL 3568913, at *8 (E.D. Cal. Aug.

19 12, 2011). Plaintiff fails to plausibly allege that Defendants did not have a legal right to collect on the

20 debt or that Defendant's activities went beyond standard foreclosure-related business. *See Rockridge*

21 *Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1138 (N.D. Cal. 2013) ("Plaintiffs have not alleged

22 any conduct by [Defendants] going beyond the standard foreclosure process. Accordingly, the FDCPA

23 claim . . . is dismissed."). Since this is the only basis for her FDCPA claim, it must fail.

24  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's FDCPA claims.

25

1   **D.      Claims Brought Pursuant to Cal. Civ. Code § 2923.5(b).**

2           Plaintiff alleges that CRC is liable under Cal. Civ. Code § 2923.5(b), for failing to contact her

3   prior to foreclosing on the Property. Compl. ¶¶ 48-51.

4           Section 2923.5(b) dictates that:

5           "A notice of default recorded pursuant to Section 2924 shall include a
            declaration that the mortgage servicer has contacted the borrower, has
6           tried with due diligence to contact the borrower as required by this section,
            or that no contact was required because the individual did not meet the
7           definition of "borrower" pursuant to subdivision (c) of Section 2920.5.
    Cal. Civ. Code § 2923.5(b).

8
9           Attached to the Notice of Default CRC sent to Plaintiff is a statement stating:

10          The mortgagee beneficiary or authorized agent tried with due diligence but
            was unable to contact the borrower to discuss the borrower's financial
            situation and to explore options for the borrower to avoid foreclosure as
11          required by Cal. Civ. Code Section 2923.55. Thirty days or more have
            elapsed since these due diligence efforts were completed.
12  Notice of Default (NOD), Req. Judicial Notice, Ex. 6, Doc. 9-2, at 3.[2]

13          Plaintiff does not dispute the authenticity of the NOD. Nor does Plaintiff suggest any reason why

14  the statement in the NOD does not comply Cal. Civ. Code § 2923.5(b). Thus, this Court cannot

15  determine the legal or factual basis for her argument that CRC did not comply with Section 2923.5(b).

16          A borrower may also state a cause of action under section 2923.5 by alleging the lender did not

17  actually contact the borrower or otherwise make the required efforts to contact the borrower despite a

18  contrary declaration in the recorded notice of default. *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th

19  1481, 1494 (2013), as modified on denial of reh'g (Sept. 26, 2013), review denied (Nov. 26, 2013).

20  Plaintiff, however, fails to state a cause of action on this theory because she did not allege CRC failed to

21  contact her to assess their financial situation and explore options for avoiding foreclosure *at least* 30

22  days before it recorded the NOD. The Complaint alleged, "During the 30 days period prior to [CRC]

23  filing a Notice of Default, Plaintiff was never contacted in person or by telephone . . ." Compl. ¶ 48.

24

25  [2] *See* n. 1, *supra*.

8

1    This does not allege a section 2923.5 violation because the statute requires the contact to occur *more*

2    *than* 30 days before the notice of default is recorded, not during "30 days prior" to the recording.

3    *Rossberg,* 219 Cal. App. 4th at 1494.

4         For this reason, the Court GRANTS Defendant's motion to dismiss Plaintiff's first cause of

5    action.

6    **E.        Injunctive Relief**

7         Plaintiff's Second Cause of Action asks that this Court for preliminary and permanent injunctive

8    relief to prevent Defendants from enforcing the foreclosure and removing Plaintiff from the Property.

9    Compl. ¶¶ 57, 64. Plaintiff bases this request on allegations that Defendants "have no legal standing" to

10   institute the foreclosure, Compl. ¶ 59, as well as violations of the FDCPA, RESPA, and California Penal

11   Code § 532(f)(a)(4), Compl. ¶¶ 55-56. As discussed above, Plaintiff has failed to state a claim under the

12   FDCPA or RESPA, *see* Sections VI(B) and (C)*, supra.* The reasons for dismissing Plaintiff's FDCPA

13   and RESPA claims also invalidate Plaintiff's legal standing and Penal Code allegations.

14        Plaintiff argues that Defendants violated California Penal Code §532f (a)(4).[3] Compl. ¶ 56. This

15   provides that a person commits mortgage fraud if, with intent to defraud, the person "[f]iles or causes to

16   be filed with the recorder of any county in connection with a mortgage loan transaction any document

17   the person knows to contain a deliberate misstatement, misrepresentation, or omission." Cal. Penal Code

18   § 532f (a)(4). The only "fraudulent" behavior alleged by Plaintiff, however, is that Defendants' security

19   interests are not valid because they may not have possessed an original promissory note or deed of trust.

20   Compl. ¶¶ 17, 27. As this legal theory is without merit, there is no viable basis for asserting that

21   Defendants violated Section 532f (a)(4).

22        For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's second cause of

23   action.

24   _____

25   [3] The Complaint actually asserts violations of Cal. Penal Code § 532 (f)(a)(4). Compl. ¶ 56. But since Section 532 does not
     have subsection (f), the Court assumes that Plaintiff intended to reference Section 532f.

**F.** **Fraud in Concealment**

Plaintiff alleges that Defendants fraudulently concealed the fact that her loans were securitized. Compl. ¶¶ 66-73. Defendants argue that this claim is time barred. MTD at 14. In the alternative, Defendant argues that Plaintiff fails to allege facts that would support a claim for fraud against any of the defendants. *Id.* at 15.

California law provides a three-year statute of limitations for fraud claims. Cal. Civ. Proc. Code § 338 (d). The clock on this period starts when the fraud is discovered. *Id.* "[I]f an action is brought more than three years after commission of the fraud, plaintiff has the burden of pleading and proving that he did not make the discovery until within three years prior to the filing of his complaint." *Samuels v. Mix*, 22 Cal. 4th 1, 14 (1999) (internal quotations omitted). Here, Plaintiff alleges that Defendants fraudulently concealed "the fact that the Loans were securitized as well as the terms of Securitization Agreements." Compl. ¶ 66.

Plaintiff entered into the original loan with New Century in 2006. Compl. ¶ 15. On July 26, 2010, Chase assigned this loan to US Bank. Compl. ¶ 20. Thus, any fraud claims Plaintiff asserted in connection with these loans would have been barred by the time Plaintiff filed her Complaint on December 29, 2014.

Plaintiff also asserts that CRC assigned its interest to ALAW on January 16, 2014. Compl. ¶ 24. Thus, the limitations period for claims related to this transaction does not expire until January 16, 2017.

Defendant argues that Plaintiff did not plead facts supporting a claim for fraud in association with any of the loans. MTD at 15-16. In California, the elements of a cause of action for fraud based on concealment are:

> (1) the defendant must have concealed or suppressed a material fact,
> (2) the defendant must have been under a duty to disclose the fact to the plaintiff,
> (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff,
> (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and

(5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

*Bank of Am. Corp. v. Superior Court*, 198 Cal. App. 4th 862, 870 (2011) (internal quotations and citations omitted).

A claim for fraud in federal court must also satisfy Rule 9(b)'s requirement to state "with particularity the circumstances constituting fraud or mistake." *Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir.2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action."). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671–72 (9th Cir.1993) (quotations and citations omitted).

Here Plaintiff alleges that unspecified (presumably, all) Defendants concealed the fact that the loans were securitized, as well as the terms of the securitization agreements. Compl. ¶ 66. She claims that securitization changed the character of the loan in such a way that it had a "materially negative effect on Plaintiff." *Id.* This claim is insufficient because it fails to specify *any* facts required by 9(b), such as the when, where, and who as to the decision to conceal the fact of securitization. Further, it is unclear how the alleged concealment of the securitization proceeding, or the securitization itself, resulted in damage to Plaintiff. Rather, Plaintiff alleges only that the securitization "had a materially negative effect." Compl. ¶ 66. Thus, Plaintiff's claims fail to comply even with the general pleading standards articulated in Rule 8.

For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's third cause of action.

**G.   Plaintiff's IIED Claims**

Plaintiff alleges that Defendants' fraudulent attempt to foreclose on the property constituted an intentional infliction of emotional distress. Compl. ¶¶ 77-84. Defendant argues that this claim must fail

1    because Plaintiff does not allege any facts that would amount to outrageous conduct. MTD at 17.

2           Under California law, the elements of a claim for IIED are:

3              (1) extreme and outrageous conduct by the defendant with the intention of
               causing, or reckless disregard of the probability of causing, emotional
4              distress;
               (2) the plaintiff's suffering severe or extreme emotional distress; and
5              (3) actual and proximate causation of the emotional distress by the
               defendant's outrageous conduct. ..
6              Conduct to be outrageous must be so extreme as to exceed all bounds of
               that usually tolerated in a civilized community.
7
     *Christensen v. Superior Court*, 54 Cal. 3d 868, 903, 820 P.2d 181 (1991) (quoting *Davidson v. City of*
8
     *Westminister* 32 Cal.3d 197, 209 (1982). "The defendant must have engaged in conduct intended to
9
     inflict injury or engaged in with the realization that injury will result." *Id.*
10
           Here, Plaintiff alleges that Defendants' allegedly fraudulent attempt to foreclose on her property
11
     was "so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized
12
     society." Compl. ¶ 79. Yet, Plaintiff alleges no facts, aside from the foreclosure itself, as the basis for
13
     this claim. As Defendant points out, defendants cannot be subject to liability when they have merely
14
     pursued their own economic interests in the context of asserting their legal rights. *Trerice v. Blue Cross*
15
     *of California*, 209 Cal. App. 3d 878, 885 (1989). Defendants may not undertake foreclosure in an
16
     impermissible manner. However, Plaintiff does not allege that Defendants acted in an illegal or
17
     impermissible fashion. For example, Plaintiff does not allege Defendants threatened, insulted or
18
     harassed her. *Kruse v. Bank of Am.*, 201 Cal. App. 3d 38, 68 (1988) (collecting examples of outrageous
19
     conduct). Thus, she fails to allege a viable IIED claim.
20
           For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's fourth cause of
21
     action.
22
     **H.    Plaintiff's Slander Claims**
23
           Plaintiff alleges that Defendants are liable for slander because the published and recorded a
24
     notice of default, notice of trustee's sale and trustee's deed. Compl. ¶ 87. Defendant argues that Plaintiff
25

1  fails to allege facts that support this claim. MTD at 17-18.

2         Slander or disparagement of title occurs when a person, without a privilege to do so, publishes a

3  false statement that disparages title to property and causes the owner thereof "some special pecuniary

4  loss or damage." *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings*, LLC, 205 Cal. App. 4th

5  999, 1030 (2012), as modified on denial of reh'g (May 30, 2012) (internal quotations omitted). The

6  elements of slander of title are: (1) publication; (2) falsity; (3) absence of privilege; and (4)

7  disparagement of another's land which is relied upon by a third party and which results in a pecuniary

8  loss. *Appel v. Burman*, 159 Cal.App.3d 1209, 1214 (1984).

9         Plaintiff does not assert facts that would show Defendants published untrue statements.

10  Plaintiff's slander claims are based on her legal conclusion that her notice of default, notice of trustee's

11  sale and trustee's deed were improper. Compl. ¶¶ 86-87. However, as described above, Plaintiff has not

12  articulated a valid basis for asserting that these notices were improper. Moreover, foreclosure documents

13  are generally considered privileged communications under Cal. Civ. Code § 47(c). *Kachlon v.*

14  *Markowitz*, 168 Cal. App. 4th 316, 339 (2008) ("The [common interest] privilege is a natural fit for

15  nonjudicial foreclosure. The trustee's statutory duties in effectuating the foreclosure are designed, in

16  major part, to communicate relevant information about the foreclosure to other interested persons.").

17  This privilege protects communications so long as they are made without malice. *Sanborn v. Chronicle*

18  *Pub. Co*., 18 Cal.3d 406, 413(1976) (holding that slander of title claim fails in the absence of facts to

19  support defendants' malice). Plaintiff pleads no facts that would support a finding that Defendants acted

20  with malice.

21         For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's fifth cause of

22  action.

23  **I.       Plaintiff's Claim for Quiet Title**

24         Plaintiff seeks a decree that would permanently enjoin defendants from asserting any adverse

25  claims to Plaintiff's title to the Property. Compl. ¶ 100. Defendants argue that Plaintiff fails to allege

1   elements of a quiet title claim. MTD at 18-19.

2          Plaintiff's claim to quiet title rests on the proposition that Defendants' foreclosure activities were

3   impermissible. As discussed above, the Court has rejected legal theories on which this proposition is

4   based. Thus, the Court further rejects the contention that Defendants' claim to the Property is in any way

5   impaired or subject to doubt.

6          In addition, the Complaint fails to allege tender. "[A] purported quiet title claim is doomed in the

7   absence of a tender of amounts owed." *Allen v. U.S. Bank, Nat. Ass'n*, No. CV F 13–1527 LJO SMS,

8   2013 WL 5587389, at *5 (E.D. Cal. Oct.10, 2013). "It is settled in California that a mortgagor cannot

9   quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal.

10   637, 649 (1934) ("As she was asking that her title be quieted, it was a necessary requisite that she do

11   equity under the well-settled authority of this state."); *see also Burns v. Hiatt*, 149 Cal. 617, 621, 87 P.

12   196 (1906) ("The only way for a party in respondent's position to quiet a mortgage is to pay it.") With

13   the complaint's absence of a meaningful ability or willingness to tender indebtedness, Plaintiff's

14   purported quiet title claim fails.

15          For these reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's sixth cause of

16   action.

17   **J.**      **Declaratory Relief**

18          Plaintiff seeks a judicial determination that Defendants' conduct was unlawful and a declaration

19   that defendants may not proceed with foreclosure proceeding on the subject property. Compl. ¶ 104. For

20   the reasons set forth above in addressing Plaintiff's substantive causes of action, Plaintiff's claim for

21   declaratory relief fails.

22          It is well recognized that "where a plaintiff has alleged a substantive cause of action, a

23   declaratory relief claim should not be used as a superfluous 'second cause of action for the

24   determination of identical issues' subsumed within the first." *Gallegos v. Wells Fargo Bank, N.A.*, No.

25   1:13-CV-608 AWI MJS, 2013 WL 3166389, at *9 (E.D. Cal. June 20, 2013); *Jensen v. Quality Loan*

1    *Service Corp.*, 702 F.Supp.2d 1183, 1189 (E.D.Cal.2010) (citing *Hood v. Superior Court*, 33

2    Cal.App.4th 319, 324, (1995) and *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 470 (1968)).

3         Thus, this Court GRANTS Defendant's Motion to Dismiss Plaintiff's seventh cause of action.

4    **K.    Claims Brought Pursuant to § 17200**

5         Plaintiff alleges that Defendants are liable under California's statutory unfair competition laws,

6    Cal. Bus. & Prof. Code § 17200 et seq. Compl ¶¶ 123-24. Defendant argues that Plaintiff has not alleged

7    facts that Plaintiff suffered a monetary or property loss as a result of unfair competition. MTD at 21.

8    This Court agrees. Nothing in the Complaint suggests that Plaintiff has a business that has suffered

9    because of unfair competition. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's

10   Ninth Cause of Action.

11   **L.    Leave to Amend**

12        Defendants urge the Court to deny Plaintiff opportunity to amend claims based on her failure to

13   oppose the motion to dismiss. Notice of Non-receipt of Opp'n to Mot. to Dismiss, Doc. 19. The Ninth

14   Circuit, however, requires that "a district court should grant leave to amend *even if no request to amend*

15   *the pleading was made*, unless it determines that the pleading could not possibly be cured by the

16   allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, the "rule

17   favoring liberality in amendments to pleadings is particularly important for the pro se litigant.

18   Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than

19   the person who benefits from the representation of counsel." *Id.* at 1131. Given Plaintiff's *pro se* status,

20   the Court finds it appropriate to grant her the opportunity to allege facts that would support viable claims

21   for relief.

22   **M.    Recission**

23        Plaintiff's eighth cause of action alleges that she should be allowed to rescind her loan. Compl. ¶

24   115. Defendant did not move to dismiss this claim as it was only asserted against Defendant New

25   Century. However, this claim appears to be premised on legal theories that the Court has discredited.

1    Further, there is no evidence on the docket that New Century has been served with summons. The Court

2    has authority to dismiss *sua sponte* defendants who have not been served and defendants who have not

3    yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th

4    Cir.1995). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win

5    relief." *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987). Because the Court has not yet

6    determined that Plaintiff can allege no facts under which she can claim relief, notice is proper. The

7    Court gives such notice now. Plaintiff is ORDERED to SHOW CAUSE in writing as to why her eighth

8    cause of action should not be dismissed.

9                            **VII. <u>CONCLUSION AND ORDER</u>**

10            For the reasons discussed above, the Court GRANTS Defendant's Motion to Dismiss all of

11   Plaintiff's claims against Defendant CRC. The Complaint's pleading failures invalidate claims as to all

12   Defendants. Thus, this Court dismisses Plaintiff's first through seventh and ninth causes of action as to

13   all Defendants. *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court

14   may properly on its own motion dismiss an action as to defendants who have not moved to dismiss

15   where such defendants are in a position similar to that of moving defendants or where claims against

16   such defendants are integrally related.").

17            Plaintiff is granted leave to amend. Plaintiff shall file any amended complaint within 14 days of

18   this order. No later than 21 days after service of any amended complaint, Defendants shall file a

19   response thereto.

20            Plaintiff is cautioned that this will be the last opportunity to amend. Plaintiff should only amend

21   if amendment will not be futile based on the law and holding in this Order. This court does not have the

22   resources to review and write extensive orders on how to write, rewrite and submit pleadings. This order

23   gives the proper direction for the last time.

24            Plaintiff is ORDERED to SHOW CAUSE in writing within 14 days of this order why the Court

25   should not dismiss her eighth cause of action.

If Plaintiff fails to timely amend or show cause in writing, the associated claims shall be dismissed with prejudice.

This order moots Defendant US Bank's Motion to Dismiss, Doc. 14. Accordingly, the clerk is directed to TERMINATE this motion without prejudice as moot.

IT IS SO ORDERED.

Dated:   **April 13, 2015**                    **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE