# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY BURDEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA RECONVEYANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. 1:15-CV-0314-LJO-SKO<br><br>ORDER REMANDING THIS ACTION FOR LACK OF JURISDICTION AND DENYING DEFENDANTS' MOTION TO DISMISS.<br><br>(Docs. 24, 26, 27) |

Before the Court in the above-styled and numbered cause of action is Defendant J.P. Morgan Chase Bank, N.A.'s, as successor by merger to Chase Home Finance LLC ("Chase") and Defendant California Reconveyance Company's ("CRC") (collectively, "Defendants") Motion to Dismiss First Amended Complaint, filed May 18, 2015 (Doc. 26).[1] The Court concludes that the matter is appropriate for determination without oral argument. *See* Local Rule 230(g). The Court, having considered the record in this case, the parties' briefing, and the relevant law, will deny Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") and remands this action to state court for lack of subject matter jurisdiction.

## I.   BACKGROUND

### A. Allegations in the Operative Complaint

Plaintiff Judy Burden obtained a $275,750 mortgage from New Century Mortgage Corporation ("New Century") on January 18, 2006. FAC at ¶ 25. The mortgage was secured by a

---

[1] For the following reasons, Defendant U.S. National Bank's pending motion to dismiss (Doc. 27) is DENIED as moot.

deed of trust for the real property located at 2926 E. Willis Avenue in Fresno, California ("the Property"). *Id.*

Plaintiff alleges that Defendant Chase Home Finance somehow came into possession of the mortgage Note ("the Note") and assigned it to Defendant U.S. Bank National Association, as Trustee for J.P. Morgan Acquisition Trust 2006-NCI, Asset Backed Pass-Through Certificates, Series 2006-NCI ("U.S. Bank") on July 26, 2010. *Id.* at ¶¶ 28-29. Plaintiff also alleges that CRC, Defendant ALAW Corporation ("ALAW"), Chase, and U.S. Bank attempted to collect on the Note though they did not have perfected securities interests in it. *Id.* at ¶ 14.

On February 6, 2013, CRC recorded a notice of default against the property. *Id.* at ¶ 30. On January 16, 2014, CRC substituted ALAW as trustee of the Note. *Id.* at ¶ 37. On June 17, 2014, ALAW recorded the notice of Trustee's Sale of the Property. *Id.* at ¶ 38.

**B. Procedural History**

Plaintiff filed suit against Defendants in state court on December 29, 2014. Complaint ("Compl."), Doc. 1. Plaintiff originally brought causes of action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692, California Civil Code § 2923, as well as state law claims for fraud, intentional infliction of emotional distress ("IIED"), and slander. *See* Compl.

Chase removed the case to this Court on February 26, 2015.[2] *Id*. On March 4, 2015, Chase moved to dismiss the entire Complaint. Doc. 9. On March 11, 2015, ALAW joined Chase's arguments as to claims that applied to it. Doc. 13. On March 26, 2015, U.S. Bank moved to dismiss the entire Complaint. Doc. 14.

On April 13, 2015, the Court granted Chase's motion to dismiss. Doc 20. The Court dismissed Plaintiff's entire Complaint with leave to amend. *Id.* The Court also terminated U.S. Bank's Motion to Dismiss as moot. *Id.*

---

[2] Defendants allege both diversity and federal question subject matter jurisdiction in their notice of removal. Doc 1. However, Defendants do not state any facts in support of diversity, nor is diversity listed as the basis of jurisdiction on the Civil Cover Sheet. Doc 4; *see Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990) ("defendant always has the burden of establishing that removal is proper"). In addition, the Civil Cover Sheet lists CRC's county of residence as Los Angeles. Accordingly, this Court finds that Defendants did not meet their burden in establishing diversity.

On April 28, 2015, Plaintiff filed her FAC (Doc. 24), which does not raise any federal claims. The original Complaint brought causes of action under TILA, RESPA, and FDCPA. *See generally* Compl. However, the FAC omitted the federal claims from Plaintiff's complaint, leaving only state causes of action for violations of California Civil Code § 2923, and for fraud, IIED, and slander. *See generally* FAC.

On May 18, 2015, Chase moved to dismiss the entire FAC. Doc. 26. On May 19, 2015, U.S. Bank moved to dismiss the entire FAC. Doc. 27. On May 19, Defendant ALAW joined Chase's arguments as to the claims that applied to it. Doc. 31. Plaintiff did not file any opposition to these motions. The matter is now ripe for adjudication.

## II.   DISCUSSION

The Court first addresses s*ua sponte* the issue of jurisdiction before it looks to the arguments raised in Defendants' Motion to Dismiss. Under 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In addition, a district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Chase removed this action from state court based on this Court's original jurisdiction over federal questions. *See* Doc. 1. In the original Complaint, the Plaintiff brought causes of action under TILA, RESPA, and FDCPA, in addition to state law claims. *See id.* However, in her FAC, Plaintiff did not raise causes of action under federal law. *See* Doc 24. The only remaining claims in the FAC are based on state law. Because the federal claims have dropped out of the suit at the pleading stage, this Court may exercise supplemental jurisdiction over the state law claims, but declines to do so. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir.2010) (stating that, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

3

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

### III. CONCLUSION AND ORDER

Plaintiff is no longer pleading the underlying federal claims in this action, which provided this Court with original jurisdiction. For the reasons discussed above, the Court declines to exercise supplemental jurisdiction over the state claims. As such, the Court cannot reach the merits of Defendant Chase's Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 26) is **DENIED**, and this action is **REMANDED** to state court.

IT IS SO ORDERED.

Dated:   **June 29, 2015**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE